**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 14-4126**

―――――――――――

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JOHN JOSEPH SPEARS,

              Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.   James C. Fox, Senior District Judge.   (5:13-cr-00054-F-2)

―――――――――――

Submitted:  August 29, 2014          Decided:  September 4, 2014

―――――――――――

Before AGEE and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

―――――――――――

Dismissed in part; affirmed in part by unpublished per curiam opinion.

―――――――――――

R. Clarke Speaks, SPEAKS LAW FIRM, Wilmington, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Joseph Spears pled guilty in accordance with a written plea agreement to conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371 (2012), and was sentenced to sixty months of imprisonment. On appeal, Spears' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), conceding there are no meritorious claims, but raising two issues: (1) whether the district court committed error by not offering an adequate explanation for the sentence imposed; and (2) whether the district court erred by not properly considering Spears' extraordinary personal history and characteristics in denying his motion for a variance sentence. Spears was advised of his right to file a pro se supplemental brief but did not do so. The United States moves to dismiss the appeal based on a waiver-of-appellate-rights provision in the plea agreement. Spears opposes the motion. For the reasons that follow, we dismiss in part, and affirm in part.

In the plea agreement, Spears waived his right to appeal his sentence, except for grounds not extant in this appeal. Upon review of the record, we conclude that the waiver is valid and enforceable. We further find that the issues Spears seeks to raise on appeal—the two sentencing issues raised in counsel's Anders brief—fall within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168-70 (4th Cir.

2

2005).  Accordingly, we grant the motion to dismiss the appeal, insofar as it relates to sentencing, and do not further address counsel's sentencing issues on appeal.

The appeal waiver did not apply to Spears' conviction, however.  Having reviewed the entire record, we find that the district court substantially complied with Fed. R. Crim. P. 11(b)(1), there was a factual basis for the plea, and the plea was knowing and voluntary.  Because Spears did not move in the district court to withdraw his guilty plea, we review the adequacy of the Fed. R. Crim. P. 11 hearing for plain error only,  United States v. Martinez, 277 F.3d 517, 524–27 (4th Cir. 2002), and find none.

Pursuant to Anders, we have reviewed the entire record for meritorious, nonwaivable issues and have found none.  We therefore dismiss the appeal of his sentence and affirm Spears' conviction.  This court requires that counsel inform Spears, in writing, of his right to petition the Supreme Court of the United States for further review.  If Spears requests that such a petition be filed, but counsel believes that the petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on Spears.  We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>